[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12726
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00004-SCB-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNULFO ANTONIO GUZMAN-ALAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 4, 2011)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Arnulfo Antonio Guzman-Alas appeals his 46-month sentence imposed after pleading guilty to illegal reentry after removal, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Pursuant to the sentencing guidelines, Guzman-Alas's offense level was 21 and criminal history category was III, resulting in a guideline range of 46 to 57 months. See §§ 2L1.2(b)(1)(A)(i), 3E1.1(a) & (b) (2010). Guzman-Alas argues that his within-guideline sentence is procedurally and substantively unreasonable. After thorough review, we affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We must first "ensure that the district court committed no significant procedural error . . . [and] then consider the substantive reasonableness of the sentence imposed." United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). Procedural errors include: "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597). We look to the § 3553(a) factors to guide our substantive

reasonableness review.  United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).

I.

Guzman-Alas first argues that his sentence is procedurally unreasonable because the district court failed to adequately explain its reasons for imposing his 46-month sentence.  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)."  United States v. Campbell, 491 F.3d 1306, 1313 (11th Cir. 2007) (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)).  When the district court imposes a sentence within the guideline range "doing so will not necessarily require lengthy explanation."  Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).  The district court need only make "an acknowledgment . . . that it has considered the defendant's arguments and the factors in section 3553(a)."  Talley, 431 F.3d at 786.  "[N]othing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

The district court committed no procedural error in imposing Guzman-Alas's sentence. At the beginning of Guzman-Alas's sentencing hearing, the district court explained the guideline calculation. Guzman-Alas conceded at sentencing that the guideline range the district court applied was correct. Guzman-Alas acknowledges that the district court stated that it had considered each of the § 3553(a) factors. Moreover, the district court explained that it was imposing Guzman-Alas's sentence to deter him from future criminal conduct and to protect the public. The district court's explanation was sufficient.

## II.

Guzman-Alas next argues that his sentence is substantively unreasonable because the circumstances of his case warrant less severe punishment in light of the 18 U.S.C. § 3553(a) factors. When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances and determine whether the sentence achieves the sentencing goals stated in 18 U.S.C. § 3553(a). United States v. Culver, 598 F.3d 740, 753 (11th Cir. 2010); Pugh, 515 F.3d at 1191. We ordinarily expect a sentence within the guidelines range to be reasonable. Talley, 431 F.3d at 788. Further, it is within the district court's discretion to weigh the § 3553(a) factors, and "[w]e will not substitute our

judgment in weighing the relevant [statutory] factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (citation omitted).

Guzman-Alas's sentence is substantively reasonable. His sentence is at the bottom of the guideline range. See Talley, 431 F.3d at 788. It is also well below the twenty-year statutory maximum sentence for illegal reentry. See 8 U.S.C. § 1326(b)(2). It was within the district court's discretion to weigh the § 3553(a) factors, in light of Guzman-Alas's criminal history, and select a sentence at the bottom of the guideline range. See Amedeo, 487 F.3d at 832.

AFFIRMED.